UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., | No. C-10-02938 JCS |
| Plaintiff, | **REPORT AND RECOMMENDATION RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND ATTORNEYS' FEES [Docket No. 15]** |
| v. | |
| PAUL'S DAIRY DISTRIBUTOR, INC., | |
| Defendant. | |

## I. INTRODUCTION

In this enforcement action brought under the Employee Retirement Income Security Act ("ERISA"), Plaintiff brings a Motion for Default Judgment and Attorneys' Fees ("the Motion") seeking entry of default judgment, an award of unpaid fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs. For the reasons stated below, it is recommended that Plaintiff's Motion be GRANTED and that Plaintiff be awarded $39,709.04 in damages.

## II. BACKGROUND

Plaintiff is the administrator of the Western Conference of Teamsters Pension Trust Fund ("the Trust Fund"), acting on behalf of the trustees of the Trust Fund. Complaint, ¶ 2. The Trust Fund is organized pursuant to § 302 of the Labor Management Relations Act, 29 U.S.C. § 186(c). *Id*. Plaintiff alleges that Defendant, Paul's Dairy Distributor, Inc. (""Paul's Dairy"), is bound by a written collective bargaining agreement with the Teamsters Local Union No. 853 ("the Collective Bargaining Agreement") and that under the Collective Bargaining Agreement, Defendant was required to make contributions to the Trust Fund on behalf of its employees. *Id.*, ¶ 5; *see also*

1

Declaration of Walt Pentz in Support of Motion for Default Judgment ("Pentz Decl."), Ex. 1 (Collective Bargaining Agreement between Paul's Dairy and Teamsters Local Union No. 853 ), section 16-17; Ex. 2 (Employer-Union Pension Certification binding Defendant to terms of Trust Agreement).

Under the Trust Agreement, an employer is required to submit monthly reports listing work performed by covered employees, as well as the pension benefit contributions due. Pentz Decl., Ex. 3, Article IV, section 1. Contributions are due on the tenth day of the following month and become delinquent after that date. *Id*. In the case of delinquent contributions, the Trust Agreement provides for liquidated damages of 20% of the amount due and unpaid, as well as an award of attorneys' fees and costs incurred in collecting the delinquent contributions. *Id*., section 3(b)(2) & (3). These amounts become due and payable on the tenth day following the date on which the Administrator mails notice of the delinquency to the employer. *Id*., section (c). Finally, the Trust Agreement provides for an award of interest at the underpayment rate set forth in 26 U.S.C. § 6621. *Id*., section 3(d).

In the Complaint, Plaintiff alleged that Defendant had failed to timely pay required contributions under the Trust Agreement since March 2010. Complaint, ¶ 8. Plaintiff further alleged that it was entitled to liquidated damages and interest for the months of March 2010 through May 2010, as well as unpaid contributions for the months of April and May 2010. *Id*. Plaintiff further alleged that Defendant had received notice of the delinquencies. Complaint, ¶ 9; Pentz Decl., Ex. 4 (notice of delinquency).

Plaintiff filed this action on July 2, 2010. Defendant did not appear and default was entered on September 28, 2010. Plaintiff now brings a default judgment motion, in which it seeks to recover the following amounts, based on unpaid contributions for the months of April 2010 through December 2010: 1) $31,684.95 in unpaid contributions; 2) $6,336.99 in liquidated damages; and 3) $542.10 in interest. Supplemental Declaration of Diane Andrade in Support of Motion for Default Judgment ("Andrade Supp. Decl."), Ex. 8. In addition, Plaintiff requests $740.00 in attorneys' fees; and $425.00 in costs. Declaration of Michael J. Carroll in Support of Motion for Default Judgment ("Carroll Decl."), ¶¶ 2, 5.

2

## III. ANALYSIS

### A. Entry of Default Judgment

Plaintiff has applied for a default judgment in this action on the basis that Defendant has failed to appear after valid service. Under Federal Rule of Civil Procedure 55(b)(2), the court may enter a default judgment where the clerk, under Rule 55(a), has already entered the party's default based upon a failure to plead or otherwise defend the action. The district court's decision to enter a default judgment involves some discretion. *Lau Ah Yew v. Dulles*, 236 F.2d 415 (9th Cir. 1956) (affirming district court's denial of default judgment). The court is free to consider a wide range of factors in deciding whether to enter a default judgment, including: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *see also* Wright & Miller, *Federal Practice and Procedure*, Civil § 2685.

Where a default judgment is deemed appropriate, the factual allegations of the complaint, except those relating to damages, are taken as true. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)). So long as the allegations in the complaint are "well-pleaded," liability is established as to those allegations by the default. *Trans World Airlines Inc. v. Hughes*, 308 F. Supp. 679, 683 (D.C.N.Y. 1969), *modified on other grounds*, 449 F.2d 51, *rev'd on other grounds*, 409 U.S. 363 (1973).

Plaintiff brings this action under ERISA. Under ERISA, a trustee is authorized to bring a civil enforcement action to recover unpaid contributions from an employer who is bound to make such contributions under a collective bargaining agreement. *See* 29 U.S.C. § 1132(a)(3) (authorizing fiduciary of employee benefit plan to bring a civil action to enforce provisions of ERISA); § 1145 (providing that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collective bargaining agreement shall . . . make such contributions"); § 1002(14) (defining fiduciary as including trustees).

In support of its ERISA claim, Plaintiff alleges that Defendant entered into a collective

3

bargaining agreement requiring it to make contributions to the Trust Fund on behalf of its covered employees. Plaintiff further alleges that Defendant failed to pay contributions while bound by the collective bargaining agreement. These allegations state a valid claim under ERISA. In addition, Plaintiff has supported the claim by providing copies of the Trust Agreement, the Collective Bargaining Agreement, the Employer-Union Pension Certification binding Defendant to the terms of Trust Agreement, the Employer Contribution Reports for the relevant months and the notice of delinquency that was sent to Defendant. Based on the record before it, the Court concludes that default judgment should be entered against Defendant.

### B. Requested Relief

#### 1. Section 1132(g)

Once liability is established in a default situation, a plaintiff must then establish that the requested relief is appropriate. *Geddes*, 559 F.2d at 560. Under ERISA, § 1132(g) provides for statutory damages where a multi-employer plan successfully sues under 29 U.S.C. § 1145 (providing that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collective bargaining agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement"). A plan that obtains judgment in its favor in an action for unpaid contributions under § 1145 is entitled to:

(A) the unpaid contributions,

(B) interest on the unpaid contributions

(C) an amount equal to the greater of–

   (1) interest on the unpaid contributions, or

   (2) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

### 2.     **Contributions**

Defendants seek a total of $31,684.95 in unpaid contributions for the months of April 2010 and through December 2010. This request is supported by declarations by the manager of the trust fund delinquency collection department, Diane Andrade, as well as the Employer Contribution Reports that were submitted by Defendant for the relevant months. *See* Declaration of Diane Andrade in Support of Motion for Default Judgment ("Andrade Decl."), Exs. 5 & 6 (April 2010 through August 2010);  Andrade Supp. Decl., Exs. 8 & 9 (September 2010 through December 2010). This evidence supports Plaintiff's request for unpaid contributions, which should be awarded in full.

### 3.     **Liquidated Damages**

Plaintiff seeks liquidated damages in the amount of $6,336.99, calculated for all late payments at a rate of 20%. Andrade Decl., ¶ 4 & Ex. 5; Andrade Supp. Decl., ¶ 5 & Ex. 8. Plaintiff has provided the relevant provision of the Trust Agreement (see above) and has calculated the amount of liquidated damages correctly. Therefore, it is recommended that the amount of liquidate damages requested by Plaintiff be awarded in full.

### 4.     **Interest**

Plaintiff seeks an award of interest on the unpaid contributions in the amount of $542.10 This amount is calculated using an interest rate of 4%, starting from the date each contribution became delinquent to February 11, 2011, the scheduled motion hearing date. *See* Andrade Decl., ¶ 5; Andrade Supp. Decl., ¶ 6. Plaintiff's calculation is consistent with the terms of the Trust Agreement, which specifies that interest shall be awarded at the annual underpayment rate under 26 U.S.C. § 6621, starting on the date the contribution became delinquent. During the relevant period, the annual underpayment rate was 4%. *See* www.irs.gov/pub/irs-drop/rr-10-31.pdf. Therefore, the interest requested by Plaintiff should be awarded in full.

### 5.     **Attorneys' Fees and Costs**

Having prevailed in this action for unpaid and late contributions, Plaintiff is also entitled to reasonable attorneys' fees and costs of the action. 29 U.S.C. § 1132(g)(2)(D).

5

#### a. Attorneys' Fees

In this Circuit, the starting point for determining reasonable fees is the calculation of the "lodestar," which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987). In calculating the lodestar, the Court must determine a reasonable rate and a reasonable number of hours for each attorney. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987).

Here, Plaintiff seeks attorneys' fees for 4 hours of work at a rate of $180.00/hour. *See* Carroll Decl., ¶ 5. The Court finds both the rate and the time spent to be reasonable and recommends that Plaintiff's attorneys' fees be awarded in the amount of $720.00.[1]

#### b. Costs

Plaintiff seeks $425.00 for the following costs incurred in prosecuting this action: (1) $350.00 for the Clerk's filing fee; and (2) $75.00 for service of the complaint. Carroll Decl., ¶ 2 & Ex. 7. Under Civil Local Rule 54-3 ("Rule 54-3"), an award of costs may include the clerk's filing fee and fees for service of process "to the extent reasonably required and actually incurred." The Court finds that the costs sought by Plaintiff were reasonably required and actually incurred and therefore recommends that these costs be awarded in full.

### IV.   CONCLUSION

For the reasons stated above, Plaintiff's Motion should be GRANTED and default judgment should be entered against Defendant. Plaintiff should be awarded $39,709.04 in damages, consisting

---

[1] In the Carroll Declaration, the total amount of fees sought is listed as $740.00. Carroll Decl. ¶ 5. As the hourly rate and hours worked are clearly set forth in the same declaration, the Court concludes that this is merely a typographical error.

of the following amounts: 1) $31,684.95 in unpaid contributions; 2) $6,336.99 in liquidated damages; 3) $542.10 in interest; 4) $720.00 in attorneys' fees; and 5) $425.00 in costs.

DATED: February 11, 2011

                                                                                                                                                    JOSEPH C. SPERO
                                                                                                                                                 United States Magistrate Judge